UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JERRY BOYLES, Individually and On Behalf of All Others Similarly Situated,** | § § § | Civil Action No. 4:16-cv-1016 |
| **Plaintiff,** | § § | |
| v. | § § | |
| **OIL STATES ENERGY SERVICES, L.L.C.,** | § § § | |
| **Defendant.** | § § | |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Defendant Oil States Energy Services, L.L.C. required Plaintiff Jerry Boyles to work more than forty hours in a workweek without paying him overtime at the federally-mandated rate of time and one half of his regular hourly rate. Defendant misclassified Plaintiff and other similarly-situated employees throughout the United States as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* However, Plaintiff's job duties do not satisfy the exemption tests for any exemption under the FLSA. Defendant has misclassified hundreds of other employees as exempt from overtime.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective are referred to hereinafter as the "FLSA Class Members."

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claim occurred within this judicial district.

## PARTIES

5. Plaintiff Jerry Boyles is an individual currently residing in Waynesboro, Mississippi. He began working for Defendant in approximately February 2013. He worked for Defendant in Texas, Mississippi, Louisiana, Alabama, and Florida. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to join this action and his written consent is attached hereto as Exhibit 1.

6. The FLSA Class Members are all current and former employees in similar positions throughout the United States during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

7. Defendant Oil States Energy Services, L.L.C. is headquartered in Houston, Texas. Defendant may be served process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the

2

FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12.     At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTS

13.     Plaintiff worked for Defendant from approximately February 2013 to June 2015.

14.     Plaintiff and Class Members performed manual labor at oil and gas wells owned by Defendant's customers and serviced by Defendant. An MWD is responsible for monitoring the progress of a drilling job and reporting that information.

15.     Plaintiff and Class Members typically worked a 12 hour shift, 7 days a week, for a total of 84 hours or more in a given work week.

16.     Plaintiff and Class Members would work at a single location for weeks on end without a day off, then be shuffled to a different location according to the needs of Defendant.

17.     For compensation, Plaintiff and Class Members were paid a base wage plus daily bonus/day rate.  The daily bonus/day rate is not overtime pay, but rather a lump sum payment that must be included in the Plaintiff and Class Members' regular rate of pay.

18.     No exemption in the FLSA shelters Defendant from paying overtime to Plaintiff and Class Members.

3

19. Plaintiff and Class Members do not supervise other employees or manage a customarily recognized department of Defendant's company.

20. Plaintiff and Class Members have no authority to hire or fire other employees.

21. Plaintiff and Class Members are field employee, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

22. Plaintiff and Class Members' work does not require independent judgment and discretion.

23. Despite these facts, Defendant classifies Plaintiff and Class Members as exempt from overtime and compensates them with a base wage.

24. Defendant has a policy or practice of failing to compensate Plaintiff and Class Members for overtime hours.

25. As a result of Defendant's pay policies, Plaintiff and Class Members were denied the overtime pay required by federal law.

26. Defendant knew, or showed reckless disregard for whether Plaintiff and Class Members were entitled to overtime pay under federal law.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207

27. All previous paragraphs are incorporated as though fully set forth herein.

28. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

29. Defendant classified Plaintiff as an exempt employee and paid him on a base wage plus bonus/day rate system without overtime.

30. None of the exemptions provided by the FLSA are applicable to Plaintiff.

31. Defendant knowingly failed to compensate Plaintiff at a rate of one and one-half times his regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

32. During all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA overtime protections.

33. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

35. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

36. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant during the over three years he worked for Defendant in four different states where Defendant operates.

37. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

38. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

39. Defendants have classified and continue to classify FLSA Class Members as exempt employees and pay them on a base wage/day rate system without overtime.

40. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

41. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

42. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

43. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

44. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

45. The specific titles or precise job locations of the FLSA Class Members do not prevent collective treatment.

46. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

47. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a

systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

48.As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former employees who performed work for Defendant during the three-year period before the filing of this Complaint up to the date the court authorizes notice who were paid a base wage and bonus/day rate and no overtime compensation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for:

A.An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for all Measurement While Drilling Engineers or similarly situated employees to permit them join this action by filing a written notice of consent;

B.A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation;

C.Liquidated damages to the fullest extent permitted under the law;

D.Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

E.Such other and further relief as this Court deems just and proper.

Respectfully submitted,

KENNEDY HODGES, LLP

By: */s/ Galvin B. Kennedy*
    Galvin B. Kennedy
    Gkennedy@kennedyhodges.com
    Texas State Bar No. 00796870
    Federal Bar No. 20791
    711 W. Alabama Street
    Houston, TX 77006
    Telephone:  (713) 523-0001
    Facsimile:   (713) 523-1116

    LEAD ATTORNEY IN CHARGE FOR PLAINTIFF

# **CONSENT TO BECOME A PARTY PLAINTIFF**

Name: *Jerry Boyles*

1.  I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through the lawsuit filed against my employer.

2.  I understand that this lawsuit is brought to recover unpaid wages under the Fair Labor Standards Act and/or any applicable state laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.  I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.  In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) *Jerry Boyl...*    (Date Signed) 8-8-15

**EXHIBIT 1**